IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH FREDRICK OGLESBY, JR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-094 |
| | ) | (Formerly CR 118-069) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Joseph Fredrick Oglesby, Jr. filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. The motion is before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

**I.    BACKGROUND**

On November 27, 2018, in the Southern District of Georgia, the government charged Petitioner by information with one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j). United States v. Oglesby, CR 118-069, doc. no. 1 (S.D. Ga. Nov. 27, 2018). Petitioner, represented by court-appointed counsel Christopher Troy Clark, pled guilty on November 28, 2018. Id., doc. no. 7. In exchange for Petitioner's guilty plea, the government agreed to make no objection to a two-point acceptance of responsibility reduction and move for an additional one-point reduction under the Sentencing Guidelines if Petitioner's offense

level was sixteen or greater prior to the acceptance of responsibility reduction. Id., doc. no. 8, ("Plea Agreement"), p. 3.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 17, Criminal History Category at V, and Guideline imprisonment range at forty-six to fifty-seven months. PSI ¶¶ 25, 34, 63. The government did not file any objections to the PSI, and Petitioner's objections were resolved prior to sentencing. See PSI Add. On May 29, 2019, Chief United States District Judge J. Randal Hall sentenced Petitioner to fifty-two months imprisonment, three years supervised release, a $1500 fine, and a $100 special assessment. Id., doc. no. 14. Judgment was entered on May 30, 2019. Id., doc. no. 14. Petitioner did not file a direct appeal.

Petitioner signed the instant § 2255 motion on June 3, 2021. (Doc. no. 1, p. 1, 4.) Petitioner raises three grounds for relief, arguing he is entitled to have his felon in possession conviction vacated in light of the decision of the United States Supreme Court in Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019). (See generally doc. no. 1.)

## II. DISCUSSION

### A. The Motion Is Untimely

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

> United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on May 30, 2019, and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1). Petitioner signed the present motion on June 3, 2021, and the Clerk docketed the motion on June 11, 2021. (Doc. no. 1.) Thus, Petitioner filed his § 2255 motion more than one year after his conviction became final and his motion is untimely.

## B. Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting

3

Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 384 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not

that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 395 (emphasis added).

Here, Petitioner has not shown extraordinary circumstances prevented him from timely filing his motion. Petitioner has not presented any evidence, much less new evidence, to suggest he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not assert innocence of his crime of conviction, but rather claims pursuant to Rehaif the state failed to prove Petitioner knew he belonged to the relevant category of persons barred from possessing a firearm. However, Petitioner was charged with possession of a stolen firearm, which does not require Petitioner to be a convicted felon to be found guilty. Accordingly, Petitioner is not eligible for equitable tolling.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds Petitioner's motion is time-barred by the applicable one-year statute of limitations. Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of June, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA